IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| v. | |
| DONNIE SMITH | NO.  19-350  -01 |
| ABID STEVENS and | -02 |
| MAURICE QUINN | -03 |

### O R D E R

**AND NOW**, this 23rd day of August, 2019, upon consideration of Defendant's Motion to Dismiss Count Two (Document No. 42, filed July 16, 2019), filed by Maurice Quinn and joined in by defendants Donnie Smith and Abid Stevens,[1] and Government's Response in Opposition to Defendant's Motion to Dismiss Count Two (Document No. 43, filed July 25, 2019), **IT IS ORDERED** that Defendant's Motion to Dismiss Count Two is **DENIED**.

The decision of the Court is based on the following:

On June 20, 2019, a grand jury returned an Indictment charging defendants Donnie Smith, Abid Stevens, and Maurice Quinn with one count of robbery which interferes with interstate commerce ("Hobbs Act robbery") under 18 U.S.C. § 1951 ("Count One") and one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c) ("Count Two").

Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), defendant Quinn filed a motion to dismiss Count Two for failure to state an offense, on the ground that Hobbs Act

---

[1] Motion to Join in Pre-Trial Motions Filed by Co-Defendants filed by defendant Donnie Smith (Document No. 48, filed July 31, 2019) and Motion to Join in Motions of Codefendants filed by defendant Abid Stevens (Document No. 49, filed August 7, 2019) are **GRANTED**.

robbery is not a "crime of violence," a required element under § 924(c)(1)(A).  Defendants Smith and Stevens filed motions to join in the motion to dismiss.

Section 924(c)(1)(A) prohibits carrying, brandishing, or discharging a firearm "during and in relation to any crime of violence or drug trafficking crime."  A crime of violence is defined by § 924(c)(3) as any felony offense that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

In *United States v. Davis*, the Supreme Court recently held that the "residual clause" of § 924(c)(3)(B) was unconstitutionally vague.  139 S. Ct. 2319, 2324 (2019).  Accordingly, to constitute a predicate offense for § 924(c)(1)(A), the defendants' Hobbs Act robbery charge must satisfy § 924(c)(3)(A), also known as the "elements clause."

Section 1951(b)(1) defines "robbery" for the purposes of the Hobbs Act as the "unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property…."

Defendants argue that Hobbs Act robbery does not constitute a crime of violence under the elements clause of § 924(c)(3)(A).  To determine whether a criminal offense qualifies as a predicate crime of violence, the Court applies a categorical approach.  The Supreme Court requires this approach for analyzing predicate offenses under § 924(c).  *Davis,* 139 S. Ct. 2319 at 2328–30.  Using a categorical approach, the Court must "'look only to the statutory definitions'—*i.e.*, the elements—of a defendant's prior offenses, and *not* to 'the particular facts underlying those convictions.'"  *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013) (quoting *Taylor v. U.S.*, 495 U.S. 575, 600 (1990)); *see also United States v. Dahl*, 833 F.3d 345,

2

349 (3d Cir. 2016) (quoting *Descamps*).  The Court then "ascertain[s] the least culpable conduct hypothetically necessary to sustain a conviction under the statute."  *Hernandez-Cruz v. Att'y Gen. of the United States*, 764 F.3d 281, 285 (3d Cir. 2014) (internal quotation marks omitted).

Defendants contend that, under the categorical approach, the least culpable conduct required for conviction under Hobbs Act robbery does not necessarily involve "the use, attempted use, or threatened use of physical force" as required by the elements clause.  They first argue that the Hobbs Act defines "actual or threatened force" as "only one among several alternative means of satisfying a broader element: the taking of property from another 'against his will,'" not as an element.  Def. Mot. Dismiss at 3.  Second, defendants argue that there are multiple factual scenarios in which a defendant could be convicted of Hobbs Act robbery without satisfying the force and *mens rea* requirements of the elements clause.  Def. Mot. Dismiss at 4–8.

Several United States Courts of Appeals have applied the categorical approach in determining that Hobbs Act robbery has "as an element the use, attempted use, or threatened use of physical force."  In doing so, those courts rejected arguments similar to the ones advanced by defendants.  *See, e.g.*, *United States v. Jones*, 919 F.3d 1064 (8th Cir. 2019); *United States v. Garcia-Ortiz*, 904 F.3d 102, 108 (1st Cir. 2018) (holding that the *mens rea* element of Hobbs Act robbery is not less than that required by the elements clause); *United States v. Melgar-Cabrera*, 892 F.3d 1053 (10th Cir. 2018); *United States v. Hill*, 890 F.3d 51, 57–58 (2d Cir. 2018) (determining that the quantum of force required by Hobbs Act robbery is not less than that required by the elements clause); *United States v. Fox*, 878 F.3d 574 (7th Cir. 2017); *United States v. Buck*, 847 F.3d 267 (5th Cir. 2017); *In re St. Fleur*, 824 F.3d 1337 (11th Cir. 2016).

In *United States v. Robinson*, 844 F.3d 137 (3d Cir. 2016), the Third Circuit determined that Hobbs Act robbery is a crime of violence but in doing so it departed from the categorical

approach, instead evaluating the facts and conduct underlying the defendant's robbery conviction.  *See United States v. Galati*, 844 F.3d 152 (3d Cir. 2016) (applying *Robinson*).  Defendants argue that the Supreme Court decision in *Davis* abrogates the majority decision in *Robinson* because it utilized the categorical approach.  Def. Mot. Dismiss at 8–9.  This Court agrees with defendants on this point, but notes that, even in applying a "modified" framework, the *Robinson* court acknowledged that the definition of Hobbs Act robbery under the categorical approach "would seem adequate in and of itself to satisfy the 'elements' clause of" § 924(c)(3)(A).  *Robinson*, 844 F.3d at 143–44.  Moreover, in a concurring opinion in *Robinson*, Judge Fuentes applied the categorical approach and reached the same conclusion: the definition of Hobbs Act robbery does not sweep more broadly than the provisions of the elements clause and "is in fact a 'crime of violence.'"  844 F.3d at 150 (Fuentes, J., concurring).

Multiple district courts in this Circuit have adopted or favorably cited Judge Fuentes's reasoning in his *Robinson* concurrence.  *See, e.g.*, *Randolph v. United States*, No. CV 16-2865 (AET), 2019 WL 365742, at *3 (D.N.J. Jan. 30, 2019) (finding it "facially apparent [under the categorical approach] that the requirement that actual or threatened force or violence be used to perpetuate the unlawful taking places Hobbs Act robbery squarely in the elements clause of § 924(c)(3)(A)"); *United States v. Rodriguez*, No. CR 16-288, 2017 WL 1398334, at *2 n.2 (E.D. Pa. Apr. 18, 2017), *aff'd* 770 F. App'x 18 (3d Cir. 2019) (noting that "[t]he U.S. Circuit Courts of Appeal to address this question have unanimously held that Hobbs Act robbery, based on its elements alone, is a 'crime of violence'" as defined by the elements clause).

For the foregoing reasons, the Court concludes that, under the categorical approach, Hobbs Act robbery constitutes a crime of violence under § 924(c)(3)(A).  The Court thus denies defendant Quinn's Motion to Dismiss Count Two of the Indictment, joined in by defendants Smith and Stevens.

**BY THE COURT:**

**/s/ Hon. Jan E. DuBois**

**DuBOIS, JAN E., J.**