IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| v. | |
| **ABID STEVENS** | **NO.  19-350-02** |

**DuBois, J.**                                                                                              **April 16, 2020**

**M E M O R A N D U M**

## I.    INTRODUCTION

Defendant Abid Stevens was convicted of Hobbs Act robbery and brandishing a firearm during and in relation to a crime of violence.  He is currently detained, awaiting sentencing, at the Federal Detention Center in Philadelphia ("the FDC").  Presently before the Court is Defendant's Motion for Release Pending Imposition of Sentence.  For the reasons set forth below, the motion is denied.

## II.   BACKGROUND

The record on which the decision of the Court is based was agreed to by the parties, through counsel, in a telephone conference on April 10, 2020.  It consists of: a report from Alisha Gallagher, Attorney for the Bureau of Prisons, dated April 13, 2020; Abid Stevens' Medical Record from the Bureau of Prisons; and publically available information from the Bureau of Prisons identified in the Government's Response in Opposition to Motion for Release (Document No. 132, filed April 13, 2020), the Centers for Disease Control & Prevention, and the Pennsylvania Department of Health.[1]  The record also includes Stevens' agreed upon criminal history as set forth in the draft of the Presentence Report dated April 8, 2020.

---

[1]    The Deputy Clerk shall docket copies of the report from Alisha Gallagher, Attorney for the Bureau of Prisons, dated April 13, 2020 and Abid Stevens' medical records from the Bureau of Prisons.  Stevens' medical records shall be docketed under seal.

On February 4, 2020, Stevens was convicted of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c).  Verdict Form (Document No. 118, filed Feb. 7, 2020).  The Federal Sentencing Guidelines provide a sentencing range of 154 to 171 months with a mandatory minimum term of incarceration of seven years.  Gov't's Resp. at 3.  Stevens is currently detained at the FDC awaiting sentencing, which is scheduled for May 20, 2020.  Notice (Document No. 121, filed Feb. 7, 2020).  During his detention at FDC, Stevens, who is forty years of age, was recently diagnosed with type 2 diabetes.  Stevens' Medical Record from the Bureau of Prisons.

Since shortly after Stevens' trial, Pennsylvania and the rest of the country have been plagued by an unprecedented pandemic triggered by COVID-19, a highly contagious respiratory virus caused by a novel coronavirus.  *See United States v. Raia*, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020).  According to the Pennsylvania Department of Health, as of April 14, 2020, "there were 634,975 cases [of COVID-19] in the U.S, and 2,049,888 worldwide.  There have been 27,940 deaths in the U.S. and 133,572 throughout the world" from the virus.[2]  In Pennsylvania, as of April 16, 2020, over 27,000 people have contracted COVID-19, and over 700 people have died from it.[3]  Currently, "there is no approved cure, treatment, or vaccine to prevent" COVID-19.  *United States v. Rodriguez*, No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *1 (E.D. Pa. Apr. 1, 2020).  The Centers for Disease Control and Prevention

---

[2]     Daily COVID-19 Situation Report, Pennsylvania Department of Health (Apr. 15, 2020) https://www.health.pa.gov/topics/Documents/Diseases%20and%20Conditions/COVID-19%20Situation%20Reports/20200415nCoVSituationReportExt.pdf.  Those numbers were current as of April 14, 2020; they have increased since that date.
[3]     COVID-19 Data for Pennsylvania, Pennsylvania Department of Health https://www.health.pa.gov/topics/disease/coronavirus/Pages/Cases.aspx (last updated Apr. 16, 2020, 12:00 p.m.).

("CDC") has advised that people—like Stevens—who have diabetes "might be at higher risk for severe illness from COVID-19."[4]

In response to the COVID-19 pandemic, the Federal Bureau of Prisons ("BOP"), which operates the FDC, has implemented a number of protocols to protect the inmate population and staff from COVID-19. At the FDC, all new inmates who were not in BOP custody for 14 days prior to arriving at the facility are quarantined and monitored for possible COVID-19 symptoms for a 14 day period before being placed in general population. Report from Alisha Gallagher, Attorney for the Bureau of Prisons, (Apr. 13, 2020) [hereinafter Gallagher Report]. Additionally, the BOP suspended legal and social visitation, limited inmate movement, modified operations to maximize social distancing, and now screens all persons (contractors and staff) who enter the facility. *Id.*[5]

As of April 13, 2020, there are no positive cases of COVID-19 at the FDC among the staff or inmates. Gallagher Report. None of the inmates have developed COVID-19 symptoms, and the FDC is unaware of any staff members with COVID-19 symptoms. *Id.*

On April 9, 2020, Stevens filed a Motion for Release Pending Imposition of Sentence (Document No. 130), requesting that the Court release him from the FDC pending the imposition of his sentence. Def.'s Mem. Law Supp. Mot. Release Pending Imposition Sentence at 1 [hereinafter Def.'s Mem.]. Stevens argues that he should be placed in home confinement prior to the imposition of his sentence because, due to his age and diabetes, he is at high risk of serious illness should he contract COVID-19 while incarcerated. The Government responded to the motion on April 13, 2020.

---

[4] People who are at higher risk for severe illness, Centers for Disease Control & Prevention (Mar. 26, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.
[5] *See also* BOP Implementing Modified Operations, Federal Bureau of Prisons (accessed Apr. 15, 2020), https://www.bop.gov/coronavirus/covid19_status.jsp.

The motion is now ripe for decision.[6]

## III. DISCUSSION

In his motion, Stevens asserts that he should be released pursuant to 18 U.S.C. § 3143(a), and 18 U.S.C. § 3145(c), the Due Process Clause of the Fifth Amendment, and the Eighth Amendment. The Court will address each argument in turn.

### A. 18 U.S.C. § 3143(a)

First, Stevens claims that he should be released pursuant to 18 U.S.C. § 3143(a). Stevens acknowledges that because of his crimes of conviction, 18 U.S.C. § 3143(a)(2) applies to his motion. *See* Def.'s Mot. Release Pending Imposition Sentence ¶ 6 [hereinafter Def.'s Mot.]. Section 3143(a)(2) states that:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless [1] the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or [2] an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). In his motion, Stevens does not argue that there is a substantial likelihood that a motion for acquittal or new trial will be granted, and, as of the date of this Memorandum, he has not raised any post-trial arguments that would support a motion for acquittal or a new trial. Additionally, the Government in its opposition, states that it "has no plans to recommend a sentence that does not include prison time." Gov't's Resp. at 9. Therefore, the Court declines to grant Stevens' request for release under 18 U.S.C. § 3143(a).

---

[6] The Court did not conduct a hearing on Stevens' motion because it is not required under 18 U.S.C. §§ 3143, 3145 and Stevens, though counsel, waived any right to a hearing at the telephone conference on April 13, 2020.

4

**B. 18 U.S.C. § 3145(c)**

Second, Stevens argues that he should be released pursuant to 18 U.S.C. § 3145(c).[7] In order to be released prior to sentencing under § 3145(c), Stevens must demonstrate by clear and convincing evidence that he is unlikely to flee or pose a danger to the community, and he must clearly show that there is an exceptional reason why his detention would be inappropriate. 18 U.S.C. §§ 3143(a)(1)-(b)(1), 3145(c).

Stevens has failed to show by clear and convincing evidence that he is unlikely to flee if he is released. Stevens asserts that he is not a flight risk because he has strong ties to the community, does not have a history of failing to appear for court, and the current public health crisis mitigates any potential flight risk. Def.'s Mot. ¶ 8. However, Stevens has an incentive to flee because he has already been convicted and faces a substantial term of imprisonment—154 to 171 months with a mandatory minimum term of incarceration of seven years. In light of Stevens' potential sentence, he has failed to demonstrate by clear and convincing evidence that he is not a flight risk.

---

[7] Although the Third Circuit has not addressed whether a district court has the discretionary authority to apply 18 U.S.C. § 3145(c), every circuit court of appeals to consider this issue has concluded that a district court has the authority to apply § 3145(c). *See United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991) (per curiam); *United States v. DiSomma*, 951 F.2d 494, 496 (2d Cir. 1991); *United States v. Jones*, 979 F.2d 804, 806 (10th Cir. 1992) (per curiam); *United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir. 1992) (per curiam); *United States v. Mostrom*, 11 F.3d 93, 95 (8th Cir. 1993) (per curiam); *United States v. Garcia*, 340 F.3d 1013, 1014 n.1 (9th Cir. 2003); *United States v. Goforth*, 546 F.3d 712, 715 (4th Cir. 2008); *United States v. Christman*, 596 F.3d 870, 871 (6th Cir. 2010); *United States v. Meister*, 744 F.3d 1236, 1237 (11th Cir. 2013). However, district courts in the Third Circuit are divided on this issue. *Compare United States v. Salome*, 870 F. Supp. 648, 652 (W.D. Pa. 1994) ("[T]he court finds that the jurisdiction established by § 3145(c) is appellate jurisdiction."), *and United States v. Castro*, No. CR 15-362, 2016 WL 3446660, at *3 (E.D. Pa. June 23, 2016) (holding that the court lacked authority to hear defendant's argument under §3145(c)), *with United States v. Lieberman*, 496 F. Supp. 2d 584, 587 (E.D. Pa. 2007) (assuming that the court had "the power to apply the 'exceptional reasons' provision of § 3145(c)"), *and United States v. Porter*, No. CR 18-68, 2020 WL 1061512, at *3 (W.D. Pa. Mar. 5, 2020) (holding that the court had discretionary authority to apply § 3145(c)). This Court agrees with the numerous circuit courts of appeals and the other courts in this Circuit that have concluded that a district court has authority to apply 18 U.S.C. §3145(c). Accordingly, the Court will consider Stevens' § 3145(c) argument on the merits.

Stevens has also failed to show by clear and convincing evidence that he would not pose a danger to the community if he is released. Stevens argues that he "poses no measurable danger of violence and, once released, will be able to practice the medically mandated social distancing." Def.'s Mot. ¶ 9. However, his assertion that he "poses no measurable danger of violence" and would practice social distancing does not constitute clear and convincing evidence that he would not pose a danger to the community if released. Stevens was convicted of Hobbs Act robbery and brandishing a gun during a crime of violence. *See supra* Part II. He has an extensive criminal history, which includes several firearms related convictions, a conviction for aggravated assault, and a conviction for reckless endangerment of another person. Draft Presentence Report (Apr. 8, 2020). Moreover, Stevens was under Philadelphia County supervision at the time he committed the offenses of conviction, which demonstrates that being under supervision did not prevent him from committing a violent crime. *Id.* Accordingly, the Court concludes that Stevens failed to meet his burden of proving by clear and convincing evidence that he would not pose a danger to the community if released prior to sentencing.

Finally, Stevens has failed to clearly show that there is an exceptional reason why his continued detention is inappropriate. In his motion, Stevens broadly describes the dangers of COVID-19, the increased risks of COVID-19 transmission in detention facilities, and how he has a high risk for serious infection if he were to contract COVID-19 because of his age and diabetes. Def.'s Mem. at 2-9. He also states that "it appears increasingly unlikely that the FDC will be able to ensure effective medical care if and when a COVID-19 outbreak emerges." *Id.* at 9.

A number of courts have rejected motions for release on bail filed by defendants with diabetes and other underlying medical conditions who claimed they were at higher risk for

serious illness from COVID-19.  *See United States v. Morris*, No. CR1710701DWFTNL, 2020 WL 1471683, at *2 n.3, 4 (D. Minn. Mar. 26, 2020) (finding that defendant did not present an exception reason under 18 U.S.C. § 3145(c) where defendant was a 66 year old man and asserted that he underwent surgery for an abdominal aortic aneurysm in 2016, and "suffer[ed] from diabetes, high blood pressure, high cholesterol and triglycerides, kidney stones, back pain, and hearing loss."); *United States v. Martin*, No. CR PWG-19-140-13, 2020 WL 1274857, at *4 (D. Md. Mar. 17, 2020) (denying defendant suffering from asthma, high blood pressure, and diabetes pretrial release under 18 U.S.C. § 3142 despite defendant's argument that he would be higher risk for serious illness if he contracted COVID-19).

The Court also notes that several courts have concluded that the COVID-19 pandemic and the fact that a defendant has a preexisting condition placing him at a higher risk of serious illness if he were to contract COVID-19 constitutes an exceptional reason for granting relief under 18 U.S.C. § 3145(c).  *See, e.g.*, *United States v. Lopez*, No. 19CR116KMWJLC, 2020 WL 1678806, at *2 (S.D.N.Y. Apr. 6, 2020) (concluding that defendant with serious asthma, lung damage, and prior kidney failure "established exceptional reasons warranting his release pending sentencing" in light of COVID-19 ).  However, those cases are fact specific, and with respect to the medical conditions at issue, are distinguishable from this case.

Moreover, several courts in this Circuit have "recently held that speculation concerning present or future conditions involving COVID-19 at [a detention facility] does not suffice to establish exceptional reasons warranting release under 18 U.S.C. § 3145(c)."  *United States v. Jones*, No. CR 18-100, 2020 WL 1674145, at *4 (W.D. Pa. Apr. 6, 2020); *see also United States v. Raia*, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020) ("But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot

7

independently justify compassionate release."). As explained *supra*, the BOP has adopted a number of precautionary measures to mitigate the spread of COVID-19 among the inmates at the FDC. Additionally, as of the date of April 13, 2020, there are no positive cases of COVID-19 among the inmates or staff at the FDC, and no inmates or staff have shown any symptoms of COVID-19. Gallagher Report. Although the Court is aware of the dangers posed by COVID-19 and is sympathetic to Stevens' concern about COVID-19 given his diabetes, speculation about possible future conditions at the FDC does not constitute an exceptional reason for release under 18 U.S.C. § 3145(c). Accordingly, the Court declines to grant Stevens' request for release under 18 U.S.C. § 3145(c).

### C. Fifth Amendment

Third, Stevens argues that holding him "at the FDC in lieu of home confinement is excessive in relation to any legitimate, non-punitive government purpose," in violation of the Fifth Amendment. Def.'s Mem. at 14. He claims that due to his diabetes and age, "there is now too grave a danger that detention will cause him to be deprived of medical care for serious respiratory distress and impairment. For so long as he remains at the FDC, Mr. Stevens' risk of contracting a 'severe, and quite possibly fatal, infection' is palpable" *Id.*

The Due Process Clause of the Fifth Amendment protects pretrial detainees from prison conditions that amount to punishment.[8] *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "Under *Bell*, a 'particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of

---

[8]  An inmate awaiting sentencing is considered a "pretrial detainee." *Bistrian v. Levi*, 696 F.3d 352, 372 (3d Cir. 2012) ("It is important to explain the significance of Bistrian's constitutional status as a 'pretrial detainee,' a category of detainees that includes all inmates awaiting sentencing.").

8

that purpose.'" *Bistrian v. Levi*, 696 F.3d 352, 373 (3d Cir. 2012). Stevens' presentence detention is governed by the Bail Reform Act. *See* 18 U.S.C. § 3143(a)(2).

First, the Court notes that several district courts have rejected similar Fifth Amendment challenges based on COVID-19 to both pretrial and pre-sentencing confinement. *See, e.g.*, *United States v. Cox*, 2020 WL 1491180, at *6 (D. Nev. Mar. 27, 2020) (finding no Fifth Amendment violation in detaining defendant prior to trial under the Bail Reform Act despite COVID-19 health risks); *United States v. Boone*, No. 2:16-CR-00020-TLN, 2020 WL 1865202, at *3 (E.D. Cal. Apr. 14, 2020) (finding no Fifth Amendment violation in detaining defendant prior to sentencing under the Bail Reform Act despite COVID-19 health risks). Second, the Court concludes Stevens' detention at the FDC is not excessive in relation to the government's legitimate purpose of protecting the community and securing his appearance at sentencing because he was convicted of a crime of violence, which mandates that he be detained prior to sentencing under the Bail Reform Act. 18 U.S.C. § 3143(a)(2) (requiring mandatory detention of defendants who were convicted of, *inter alia*, crimes of violence). Finally, as of April 13, 2020, no inmates or staff tested positive for COVID-19, which undermines Stevens' argument that his risk of contracting COVID-19 is "palpable" while he is detained at the FDC awaiting sentencing. *See Boone*, 2020 WL 1865202, at *3 (concluding that the fact that the jail where defendant was detained prior to sentencing had no COVID-19 cases undermined defendant's argument that she was at "extreme risk" for COVID-19 while detained pending sentencing). Accordingly, the Court declines to grant Stevens' release under the Fifth Amendment.

### D. Eighth Amendment

Finally, Steven argues that detaining him at the FDC "where he is at risk of suffering serious illness for which no effective treatment can be provided onsite" constitutes cruel and

unusual punishment in violation of the Eighth Amendment. Def.'s Mem. 15. The Court disagrees.

The Eighth Amendment "prohibits any punishment which violates civilized standards and concepts of humanity and decency." *Thomas v. Tice*, 948 F.3d 133, 138 (3d Cir. 2020) (quoting *Young v. Quinlan*, 960 F.2d 351, 359 (3d Cir. 1992)). "The Cruel and Unusual Punishments Clause [of the Eighth Amendment], however, does not apply until an inmate has been both convicted of and sentenced for his crimes." *Bistrian*, 696 F.3d at 367. But, the Third Circuit has made clear that, "under the Constitution's guarantees of due process, an unsentenced inmate 'is entitled[,] at a minimum, to no less protection than a sentenced inmate is entitled to under the Eighth Amendment.'" *Id.* (quoting *Fuentes v. Wagner*, 206 F.3d 335, 341-42 (3d Cir. 2000).

In this case, Stevens' argues that it is cruel and usual to detain him at the FDC prior to sentencing because "prison authorities are constitutionally prohibited from acting with deliberate indifference to inmates' serious medical needs." Def. Mem. 16 (citing *Thomas v. Tice*, 948 F.3d 133, 138 (3d Cir. 2020); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). In *Estelle v. Gamble*, the Supreme Court held that the Eighth Amendment prohibits deliberate indifference to prisoners' serious medical needs. 429 U.S. 97, 104 (1976). However, Stevens does not argue that he has been denied adequate medical care or that officials at the FDC are being deliberately indifferent to the "inmates' serious medical needs" in light of COVID-19. To the contrary, the record makes clear that at the FDC, the BOP has adopted procedures to protect the inmate population from COVID-19. *See supra* Part II. The Court concludes that based on the current record, Stevens has not shown that BOP officials at the FDC are being deliberately indifferent to the "inmates' serious medical needs" in light of COVID-19. Accordingly, the Court declines to grant Stevens' release under the Eighth Amendment.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Release Pending Imposition of Sentence is denied.  The Court's decision is without prejudice to Stevens' right file a second motion for release prior to sentencing if warranted by additional evidence and the law as stated in this Memorandum.

An appropriate Order follows.