IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : Criminal No.: 19:350 |
| v. | : |
| | : |
| ABID STEVENS | : |

## Defendant's Supplemental Sentencing Memorandum

Defendant, ABID STEVENS, by his counsel, Robert Gamburg, Esquire, respectfully submits the following supplemental sentencing memorandum in an effort to assist the Court in fashioning an appropriate sentence and to provide the letters in support of Mr. Stevens, which are attached as Exhibit A.

**I.  MR. STEVENS' CONDUCT**

The defendant's conduct in this offense involved an alleged Hobbs Act Robbery and conspiracy for which the defendant was convicted along with two other individuals. Maurice Quinn entered a convenience store to steal $100.00. After his initial efforts were unsuccessful, there was a violent confrontation. Mr. Stevens entered the store without knowledge of Quinn's efforts to steal money, with a gun drawn, in response to a violent altercation at a corner store on his block that he frequented almost daily.

While Mr. Stevens maintains his innocence, he understands the jury's verdict and the fact that he will be sentenced for his role in the offense. At the same time, he maintains that he was not involved in the robbery and had no intent to commit a robbery. Instead, he was the third to enter the store, did not attempt to take money from the store, and had had little to no involvement with the clerk. Moreover, after the robbery, he waited for both the store owner and the police to arrive instead of fleeing.

1

Mr. Stevens had gone to the store, almost daily, for years. He had no incentive to attempt to rob it. The defendant's post incident behavior, waiting for the store owner, waiting for the police, indicate that he is a man who has matured and grown as a human. Again, we do not discount the verdict of the jury. We instead discuss Mr. Stevens' role in it because we believe it entitles him to sentence mitigation and that it is relevant to application of the sentencing factors.

II. **GUIDELINE CALCULATIONS**

While the PSR asserts an offense level of 24, this Court should sentence Mr. Stevens based on an offense level of 16. As this Court has already found as to Co-Defendant Smith, the four-level "abduction" enhancement of USSG § 2B3.1(b)(4)(A) does not apply. That reduces the offense level to 20.

While the Government has requested an offense level of 22, it bases that conclusion on the improper application of the "restraint" enhancement of USSG § 2B3.1(b)(4)(B). That enhancement does not apply to Mr. Stevens because he did not restrain anyone. While this Court found that Co-Defendant Smith restrained someone, Smith's restraint is not attributable to Mr. Stevens under § 2B3.1(b)(4)(B).

Further, Mr. Stevens also requests application of the four-level "minimal participant" mitigating-role reduction of § 3B1.2(a), or at least the two-level "minor participant" mitigating-role reduction of § 3B1.2(b). Mr. Stevens stridently maintains that he did not participate in the robbery but instead responded only when he became aware of a violent altercation stemming from others' wrongful conduct. While the jury disagreed, the Government does not suggest that Mr. Stevens played any active role in taking money from the store whatsoever. The most serious conduct the Government charges against Mr. Stevens is that he pointed a gun at the store owner, but he maintains that this occurred before he was aware of the robbery and was not part of any attempt to rob the store.

Under these facts, mitigation is proper. Under Note 3, an adjustment is proper when the defendant "plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." Mr. Stevens maintains that the evidence was not sufficient to convict him. However, accepting the jury's verdict, Mr. Stevens's conduct as to robbery was minimal.

For instance, Note 3 provides the example of a defendant who is convicted of drug trafficking but only transported or stored the drugs without selling them. It also provides the example of a defendant in a fraud scheme who "received little personal gain relative to the loss amount." The Note indicates that such defendants could receive an adjustment under § 3B1.2 to reflect. Applying the same reasoning here, Mr. Stevens had nothing to do with the literal taking of money that constituted robbery. He did not financially gain from the robbery.

The factors that the Third Circuit uses to assess mitigating-role reduction support Mr. Stevens' request. "Principles relevant to determining the application of § 3B1.2 are (1) the nature of the defendant's relationship to the other participants, (2) the importance of his actions to the success of the venture, and (3) his awareness of the nature and scope of the criminal enterprise." *United States v. Headley*, 923 F.2d 1079, 1084 (3d Cir.1991).

Applying the factors, first, the Government points to no evidence that there was some developed plot between the defendants in this case suggesting a criminal relationship between them. Instead, Mr. Stevens steadfastly maintains that he only entered the store once he became aware of the violent confrontation without any desire to carry out a robbery.

Second, Mr. Stevens' actions did not contribute to the success of the venture. The Government does not claim that he had any active role in the robbery. If Stevens were not there, Quinn still would have taken the $100.00 that gives rise to this case.

Third, Mr. Stevens was not aware of the nature and scope of the criminal enterprise for the reasons already discussed.

While the Government will likely point to Mr. Stevens's conduct with a gun as serious conduct defeating mitigation, that result would be unjust here. Mr. Stevens will receive a seven-year mandatory minimum for brandishing. Congress created harsh penalties for the use of a gun in a federal crime. Mr. Stevens should not be denied mitigation on the robbery charge for use of a gun when he is already facing an additional seven years solely for that conduct — tantamount to a nine-level enhancement from offense level 20 to 29 for someone with a criminal-history category of Level VI.

By not applying the "abduction" or "restraint" enhancements and applying four-level "minor participant" mitigation, the offense level should be 16. Accepting the Government's claim that Mr. Stevens' has a level VI criminal history, that results in a guideline range of 46 to 57 months for the robbery charge. Further, as the Court is aware, the brandishing of firearm in violation of § 924(c)(1) requires a mandatory, consecutive, 7 year sentence.

## II. DEFENDANT'S SENTENCING REQUEST

Section 3553(a)'s sentencing mandates require this Court to impose a sentence "sufficient, but not greater than necessary," to accomplish the four purposes of sentencing set forth in Section 3553(a)(2)—retribution, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a); *Kimbrough v. United States*, 552 U.S. 85, 101 (2007). In determining the sentence minimally sufficient to accomplish the purposes of sentencing, the Court must consider several "factors" listed in Section 3553(a):

1) the nature and circumstances of the offense and the history and characteristics of the defendant;

2) the need for the sentence imposed

3) the kinds of sentence available;

4) the sentencing range established by the guidelines;

5) any pertinent policy statements by the Sentencing Commission;

6) the need to avoid unwarranted sentencing disparity; and,

7) the need to provide restitution where applicable.

18 U.S.C. § 3553(a).

Here, the sentencing goals would be accomplished by imposing the bare minimum on the Hobbs Act robbery, although he maintains the request of his prior counsel for a downward departure from the guidelines. The defendant submits that the advisory nature of the guidelines and individualized sentencing suggests that this is an appropriate sentence.

By statute, the defendant is required to serve a mandatory, consecutive seven-year sentence. Thus, the need for a substantial sentence on the underlying robbery is not necessary to accomplish the goals set forth in the sentencing statute. This Court can rightfully consider all of the factors when fashioning the appropriate sentence.

Further, Mr. Stevens' personal circumstances also counsel in favor of a minimum sentence. He has been incarcerated throughout this pandemic. He suffers from asthma and has been prescribed albuterol while incarcerated. He has also developed diabetes and has a past medical history for hip replacement. He has been in custody for this offense since May 19, 2019. He has spent the entire pandemic incarcerated, unable to help his family.

## V. RECOMMENDED SENTENCE

Mr. Stevens is aware he is going to be given a substantial prison sentence. However, given the circumstances of the offense, and Mr. Stevens' unique situation, we respectfully request a sentence below the guidelines, and ask the Court to impose the minimum sentence required by law.

Wherefore, the defendant respectfully requests a reasonable sentence.

>Respectfully submitted,
>
>*/s/Robert M. Gamburg, Esquire*
>ROBERT M. GAMBURG, ESQUIRE
>1500 John F. Kennedy Blvd, Suite 1203
>Philadelphia, PA 19102
>215.567.1486 office
>215.940.6661 facsimile

Dated: May 18, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : Criminal No.: 19:350 |
| v. | : |
| | : |
| **ABID STEVENS** | : |

## Certificate of Service

I, Robert M. Gamburg, Esquire, hereby certify that I am this day electronically filing Defendant's Sentencing Memorandum, as well as serving a true and correct copy of same upon the following by electronic filing:

Robert Eckert, Esquire
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, Pa 19106

>     */s/Robert M. Gamburg, Esquire*
>     Robert M. Gamburg, Esquire
>     Attorney for Defendant

DATED: May 18, 2021