IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA<br><br>v.<br><br>ABID STEVENS | CRIMINAL NO. 19-350-2 |
|---|---|

<u>**MEMORANDUM OPINION**</u>

**Baylson, J.**                                                                                                February 6, 2025

Presently before the Court is Defendant Abid Stevens' Petition under 28 U.S.C. § 2255 for post-conviction relief.

I. <u>**BACKGROUND AND PROCEDURAL HISTORY**</u>

Stevens was convicted of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) and carrying, using and brandishing a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c). Stevens pled not guilty and proceeded to trial, along with his co-defendants, Donnie Smith and Maurice Quinn. Following a weeklong trial, presided over by Judge Jan E. DuBois, the jury found Stevens guilty on all charges.

Stevens was sentenced to thirty-six (36) months imprisonment on Count One and a consecutive term of eighty-four (84) months imprisonment on Count Two for a total term of one hundred twenty (120) months imprisonment, to be followed by a five-year term of supervised release. Stevens asserts ineffective assistance of counsel.

II. <u>**STANDARD FOR § 2255 PETITIONS**</u>

Stevens brings this Motion under 28 U.S.C. § 2255(a), which provides that:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by

1

law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). A district court may grant relief under this statute if the court finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b).

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Whether a defendant was denied effective assistance of counsel is controlled by Strickland v. Washington, 466 U.S. 668 (1984). "Under the Strickland standard, in order to prevail on a claim of ineffective assistance of counsel, a petitioner must establish that: (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense." United States v. Zahir, 2008 WL 5050180, at *3 (E.D. Pa. Nov. 26, 2008) (Baylson) (citing Strickland, 466 U.S. at 687).

The defendant bears the heavy burden of overcoming the "strong presumption" that counsel's conduct falls within the wide range of reasonable professional assistance. See Strickland, 466 U.S. at 689. In addition, the defendant must also show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The Third Circuit has stressed that the second part of the Strickland test should be addressed first. See United States v. Fulford, 825 F.2d 3 (3d Cir. 1987).

Stevens argues that his trial counsel, Barnaby Wittels, was ineffective because counsel failed to (1) object to the government's proposed jury instruction, (2) pursue certain defenses, (3) present available witnesses who could have established Stevens' defense, instead relying on co-

defendant Quinn's investigator, and (4) properly counsel Stevens regarding whether he should testify.

### A. Jury Instruction

The lead issue on Stevens' appeal was whether the jury instruction properly instructed the jury on the "common law" elements of Hobbs Act robbery, particularly the need for an intent to permanently deprive the victim of property. The Third Circuit determined that the jury instruction presented "no error, much less plain error." United States v. Stevens, 70 F.4th 653, 657 (3d Cir. 2023). Stevens now argues that trial counsel's failure to object to the instruction demonstrates counsels' ineffectiveness because at the time that the instruction was proposed United States v. Nedley, 255 F.2d 350 (3d Cir. 1958) required that a defendant have a specific intent to permanently deprive the victim of property to be convicted of robbery.

However, in concluding that there was no error as to the instruction, the Third Circuit noted that "Nedley has been abrogated by intervening Supreme Court precedent." Stevens, 70 F.4th at 655. As such, trial counsel's failure to object to the proposed jury instruction does not support a finding that trial counsel was ineffective.

### B. Failure to Raise Certain Defenses

Stevens argues that trial counsel was ineffective because counsel failed to pursue certain defenses, including (1) that Stevens was not liable for direct Hobbs Act robbery because he did not take anything from the store, (2) that Stevens was not liable for conspiracy to commit robbery because he did not agree to commit a crime or knowingly and willfully participate in that agreement, and (3) conducting an adequate investigation, instead relying on co-defendant Quinn's investigator when Stevens and Quinn were at odds in their defense of the action.

3

1. **Direct Robbery**

Stevens contends that the government asserted theories of both direct and indirect robbery. Petition at ⁋ 76. In contrast, the government contends that it did not argue at trial that Stevens himself stole any money or property from the store. Gov't Resp. at 17. Rather, the government contends that it argued that Stevens assisted co-defendants Quinn and Smith in the doing of so. Id. Even if the government did advance a direct liability theory and trial counsel failed to argue that Stevens did not take any property from the store, Stevens was not prejudiced as there is significant evidence that Stevens aided and abetted Quinn and Smith in the robbery. As such, Stevens fails to establish that "the result of the proceeding" would have been different had trial counsel argued that Stevens himself did not take any property. See Strickland, 466 U.S. at 694.

2. **Conspiracy to Commit Robbery**

Stevens argues that trial counsel was ineffective for arguing that no robbery occurred, rather than arguing that Stevens did not intend to aid and abet a robbery. Petition at ⁋ 82. However, trial counsel's decision to proceed under a theory of "no robbery" did not prejudice Stevens. Had trial counsel conceded that a robbery occurred, the evidence would have allowed a reasonable juror to conclude that Stevens agreed to participate in the robbery.

Stevens was present for the initial confrontation between co-defendant Quinn and the store clerk, left the store and returned less than thirty seconds later with a firearm, pointed the firearm at the clerk as co-defendant Smith backed the clerk into a corner and stole the store's firearm from the clerk, and remained in the store when Quinn went behind the counter to try and open the register and then subsequently forced the clerk to open the register. Gov't Resp. at 14,

16. These events were captured by the store's video surveillance and presented to the jury.[1] Gov't Exh. 1-A.

Additionally, Stevens conceded on appeal that a reasonable juror could conclude that his actions in pointing a gun at the clerk while Smith stole the gun from the clerk facilitated the taking of the gun. However, Stevens argued that the evidence showed that he did so in an effort to defuse a potentially dangerous situation and not to help Smith steal the gun. Gov't Resp. at 18 (citing App. Br. at 25-26, ECF 19). Importantly, during trial, counsel presented this argument to the jury arguing that Stevens was trying to diffuse the situation. Jury Trial Day 6 Transcript at 87:10-88:15, ECF 153. Even after being presented with this argument, the jury found Stevens guilty of Hobbs Act robbery.

### 3. Investigation

Stevens argues that trial counsel's reliance on co-defendant Quinn's investigator rises to the level of ineffective assistance of counsel. Petition at ¶ 86. In Johnson v. Kerestes, the Court held that defense counsel's unreasonable failure to secure the police reports for witnesses who could support petitioner's misidentification and alibi defense did not rise to ineffective assistance of counsel because there were three other witnesses that identified petitioner, thus making any error by defense counsel non-prejudicial. 683 F.3d 452, 482 (E.D. Pa. 2023) (Robreno). Additionally, "[i]n accordance with Strickland, while counsel has a duty to make reasonable investigation or to make a reasonable decision that makes particular investigations unnecessary, his or her decision on whether to call a witness is an inherently strategic one. Counsel, therefore, is not bound by an inflexible constitutional command to interview every possible witness.

---

[1] The Court reviewed the video footage at length and finds that it comports with the government's description of events. The Court notes that the video footage lacks audio. Stevens argues that if there was audio it would support his argument that he did not participate in the robbery but was instead attempting to diffuse the situation. Petition at ¶ 82.

Rather, he is simply required to exercise reasonable professional judgment in deciding whether to interview the witness." Sneed v. Beard, 328 F.Supp.3d 412, 429 (E.D. Pa. 2018) (Rufe) (internal citations omitted).

Stevens does not explain the deficiencies with trial counsel's investigation, except that trial counsel relied on Quinn's investigator. Stevens does not identify any information that trial counsel would have uncovered had he conducted an independent investigation. As such, Stevens has not shown how any error in trial counsel's decision not to complete an independent investigation prejudiced him. To the extent that Stevens argues that trial counsel's decision not to conduct an independent investigation is the reason that certain witnesses were not called at trial, this also did not result in prejudice to Stevens, as discussed below.

### C. Witnesses

Stevens argues that trial counsel failed to present available witnesses, Royse Muir and Charles Grimes, because counsel relied on co-defendant Quinn's investigator. Petition ¶¶ 93-94. Stevens argues that these witnesses could have explained to the jury that he was trying to diffuse the situation and was not a participant to the robbery. Petition ¶ 90.

Commonwealth v. Holloway outlines a five-prong test, each prong of which must be met, to establish that trial counsel was ineffective for failing to call a particular witness. 739 A.2d 1039, 1048 (1999). Stevens must establish that (1) the witnesses existed, (2) the witnesses were available to testify, (3) trial counsel knew or should have known that the witnesses existed, (4) the witnesses were willing to testify, and (5) the witnesses absence was so prejudicial as to have denied Stevens a fair trial. Id.

At the very least, Stevens fails to establish prongs four and five.

Stevens does not establish that Muir and Grimes were willing to testify. Petition at ¶¶ 90-99. Courts reject ineffective assistance claims where petitioners "fail[] to show that potential witnesses were actually willing to testify." Fithian v. Shannon, 2002 WL 1636004, at * (E.D. Pa. Jul. 23, 2002) (Shapiro). In cases where courts have granted relief there have been statements from the witnesses as to what they would have testified to at trial. See Rolan v. Vaughn, 445 F.3d 671, 682 (3d Cir. 2006) (witness made a statement to police that supported petitioner's claim of self-defense, although it could not be admitted as hearsay, and witness passed away by the time of the habeas petition); Branch v. Sweeney, 758 F.3d 226, 227-28 (3d Cir. 2014) (witnesses submitted sworn pre-trial statements); Sneed v. Beard, 328 F.Supp.3d 412, 430 (E.D. Pa. 2018) (Rufe) (witnesses made statements to police). Stevens does not even indicate what Muir and Grimes would have testified to had they been called.

Stevens also fails to establish that trial counsel's decision not to call Muir and Grimes was so prejudicial as to have denied him a fair trial. Even had Muir and Grimes testified that Stevens was trying to diffuse the situation, their testimony would not have changed the fact that the video surveillance shows Stevens pointing a gun in the clerk's face while Smith stole the store gun from the clerk. As such, any error by trial counsel in deciding not to call these witnesses was not prejudicial.

### D. Stevens Testimony

Stevens asserts that trial counsel advised Stevens not to testify to avoid cross-examination as to his prior criminal history. Petition at ¶ 102. Stevens argues that this advise was error because Stevens needed to testify to establish that he was trying to diffuse the situation and not a participant to the robbery. Id. at ¶ 103.

"Although it is the duty of defense counsel to inform defendant of his right to testify, the decision itself is ultimately that of the defendant." United States v. Smith, 235 F.Supp.2d 418, 424 (E.D. Pa. 2002) (DuBois). "Where a defendant is aware of and understands his right to testify . . . counsel's alleged failure to call the defendant to the stand does not constitute ineffective assistance of counsel." Id. at 424-25

At trial, Judge Padova inquired of each defense counsel whether their client would testify, and each attorney indicated that their client would not testify. Gov't Resp. at 20. Stevens alleges neither that he was unaware nor that he did not understand his right to testify. Instead, Stevens now takes issue with trial counsel's strategic advice not to testify. However, "mere criticism of a tactic or strategy is not in itself sufficient to support a charge of inadequate representation. This is particularly so where defendant, informed of the reasonable options, agrees to the pursuit of a particular strategy at trial." Fithian, 2002 WL 1636004 at *4.

In Bossons v. McGinley, the Court held that trial counsel was not ineffective for failing to advise petitioner to testify where testifying would have opened defendant up to cross-examination on his prior criminal convictions. 2022 WL 348170, at *9 (E.D. Pa. Feb. 4, 2022) (Padova).

Likewise, trial counsel's advice to Stevens not to testify where it would have opened Stevens up to cross-examination on his prior criminal convictions was a strategic choice that does not constitute ineffective assistance of counsel.

## IV.   CONCLUSION

For the reasons stated above, Stevens Petition under 28 U.S.C. § 2255 for post-conviction relief is DENIED without an evidentiary hearing.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\Criminal Cases\19-350-2 US v. Stevens\19-350-2 Memo Opinion 2255 Petition.docx